**LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.**
By: Michael D. Sullivan (D.C. Bar No. 339101)
    Thomas Curley (D.C. Bar No. 473798)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
202-508-1100
202-861-9888 (facsimile)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHANIEL M. HENDERSON,**<br>3820A Southern Avenue, S.E.<br>Washington, D.C. 20020<br><br>    **Plaintiff,**<br><br>v.<br><br>**MTV NETWORKS,**<br><br>Served upon Joseph R. Molko, Esquire<br>1515 Broadway<br>New York, N.Y. 10036<br><br>    **Defendant.** | <br><br><br><br><br><br>Case No. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant MTV Networks ("MTV"), hereby removes to the United States District Court for the District of Columbia the above-captioned action, which had been pending in the Superior Court of the District Court of Columbia (Civil Division), under the caption *Nathaniel M. Henderson v. MTV,* No. 2005 CA 007435 B (Judge Michael L. Rankin) (the "State Court Action"). In support of this Notice of Removal, defendant avers as follows:

1.  Plaintiff Nathaniel M. Henderson filed a Summons and Complaint in the State Court Action on September 13, 2005. Defendant's in-house counsel, Joseph R. Molko, was served with the Summons and Complaint and an Initial Order (required to be served with

original process in all actions in the Superior Court), on September 14, 2005. A true and correct copy of the Summons, Complaint and Initial Order are attached as Exhibit A.

2. Other pleadings of record are: Plaintiff's Amended Complaint, which was filed in the State Court Action on September 15, 2005. A true and correct copy of the Amended Complaint is attached as Exhibit B.

3. Complete diversity of citizenship exists as to the parties. *Pro se* plaintiff Nathaniel M. Henderson alleges that he is a resident of Washington, D.C. *See* Summons (providing Washington, D.C. address); Complaint, at 1, 3 & 8 (same). Defendant MTV is incorporated in Delaware and has its principal place of business in New York. *See* Complaint, at 1 & 8 (providing New York address); *Accord, e.g., USA Cable v. World Wrestling Fed'n Entm't, Inc.*, Civ. Action No. 17983, 2000 Del. Ch. LEXIS 87, *4 (Del. Ch. June 27, 2000) (observing that MTV is a corporate subsidiary of Viacom Inc., a Delaware corporation with its principal place of business in New York); *M2 Software, Inc. v. Viacom Inc.*, 119 F. Supp. 2d 1061, 1063 (C.D. Cal. 2000) (observing that MTV is a Delaware corporation), *rev'd on other grounds*, 30 Fed. Appx. 710 (9th Cir. 2002).

4. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest in costs. In his complaint, plaintiff alleges that he "seeks the amount of $100 million dollars in damages and any other damages in which the Court feels the plaintiff is entitled to." Complaint, at 7.

5. Based on the foregoing, this matter is properly subject to removal to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, this action is properly removed to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1441, in that this Court embraces the District of Columbia, where the State Court Action is pending.

6.   Defendant desires to remove the State Court Action to this Court and submits this Notice of Removal, along with other process, pleadings and orders that have been served upon it. *See* Summons, Complaint and Initial Order (Exhibit A); Amended Complaint (Exhibit B). Defendant has not filed an appearance, answer or other pleading in the State Court Action.

7.   Written notice of the filing of this Notice of Removal will be sent to plaintiff. A copy of this Notice of Removal and supporting papers will be filed with the Superior Court for the District of Columbia, as required by 28 U.S.C. § 1446(d).

8.   This Notice of Removal is filed with the Court within 30 days after September 14, 2005, the first day the defendant received a copy of the initial pleading setting forth the claim for relief upon which this suit is based. Removal is therefore timely under 28 U.S.C. § 1446(b).

9.   By this Notice of Removal, defendant does not waive any objections it may have to service, jurisdiction, or venue, and any other defenses or objections to this action.

WHEREFORE, defendant MTV prays that the action pending against it in the Superior Court of the District of Columbia be removed to this Court.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Dated: September 30, 2005      By: _____
                                Michael D. Sullivan (D.C. Bar No. 339101)
                                Thomas Curley (D.C. Bar No. 473798)
                            1050 Seventeenth Street, N.W., Suite 800
                            Washington, D.C. 20036
                            (202) 508-1100
                            (202) 861-9888 (facsimile)

                            Attorneys for Defendant
                            MTV Networks

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2005, a copy of the foregoing Notice of Removal was served, by first-class mail, on:

> Nathaniel M. Henderson
> 3820A Southern Avenue, S.E.
> Washington, D.C. 20020

> _/s/ Thomas Curley_
> Thomas Curley
> LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
> 1050 Seventeenth Street, N.W., Suite 800
> Washington, D.C. 20036
> 202-508-1100