In The United States District Court
For The District Of Columbia

Nathaniel M. Henderson,
Plaintiff

V

MTV
Defendant

Case No. 1:05CV01937(EGS)

Plaintiff's Opposition To Defendant's Motion To Dismiss
Amended Complaint For Failure To State A Claim

Plaintiff, Nathaniel M. Henderson respectfully ask this Court to dismiss Defendant's Motion to dismiss with prejudice the Amended Complaint.

Supporting Argument

The Plaintiff asks that his complaint be heard by this Honorable Court and not be time barred because at the time of the show's airing, the Plaintiff was not aware that the show was referring directly to the Plaintiff. However, in January 2005, it was discovered as "fact" that the television show that aired in August 2003 was tailored, formatted, and deplicted the Plaintiff. In other words, it was not revealed to the Plaintiff

RECEIVED

NOV - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

until January 2005 that the show that aired in August 2003 was referring to the Plaintiff. Therefore, the Plaintiff asserts that he could not be possibly held to a statue of limitation that began before the Plaintiff's knowledge of such tortious act. The Plaintiff asks this Honorable Court two simple questions: (1) "can an individual be held to a statue of limitation, whereas the same individual is unaware of a violation?" Also, (2) "isn't safe to assume that in such a case whereas the Plaintiff's rights were violated, the statue of limitation does not began at the time of the act, but at the time of the discovery of the act. In Hunter v DC 943 F.2d (69-72), it was established that "no single statue of limitation governs all claims of intentional infliction of emotional stress." Certainly, in a case such as this one before this Honorable Court warrants special consideration after review of the totality of the matter. After a careful judicial analysis, it can be determined that a statue of limitation cannot commence until the actual alleged invasion of privacy be discovered by the victim. The Plaintiff further asserts that in Hanoch Tel-Oren v Libyan Arab Republic 517 F. Supp 542 (D.DC) 1981, it was clearly held that the general one-year statue of limitation was meant to apply to assault and battery cases. The Plaintiff continues with one single element which beckons this Honorable Court's attention. That element is: The Plaintiff was unaware up until January 2005 that MVT aired a show referring to the Plaintiff and about the Plaintiff.

Furthermore, Plaintiff contends that his claim was brought timely, considering when the Plaintiff undoubtedly discovered the show aired was "about and of concerning the Plaintiff.

The Plaintiff makes his claim that the show aired in August 2003 was "about and of concerning him" and Plaintiff did not concretely discover this information until January

2005, making timely compliance impossible. Evidence indicating the show was "of and concerning" the Plaintiff was not revealed nor discovered to the Plaintiff until January 2005. Lastly, the Plaintiff asserts that the show aired in August 2003 was "about and of concerning" the Plaintiff, which has caused the Plaintiff emotional stress, public humiliation, embarrassment, pain and suffering and mental anguish. The Plaintiff hangs this entire case on one single paramount: The truth.

The Plaintiff seeks damages in the amount of $100 million dollars and any other damages which this Honorable Court deems the Plaintiff is entitled. The Plaintiff pray that this Court renders him all the relief which he is due.

*[signature]*
11/2/05

Nathaniel M. Henderson
3820A Southern Ave. SE
Wash. DC 20020

## Certificate of Service

I, Nathaniel M. Henderson, hereby certify that, on this 2nd day of November 2005, the foregoing motion opposing the Defendant's motion to dismiss the amended complaint has been file with the Court and true copies mailed to the Defendant's attorney at: 1050 Seventeenth St, NW Suite 800 Washington, DC 20036, first class mail, postage prepaid.

Nathaniel M. Henderson
10/2/05