IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATHANIEL M. HENDERSON,** | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 1:05CV01937(EGS) |
| | : | |
| **MTV,** | : | |
| | : | |
|     **Defendant.** | : | |

**DEFENDANT MTV'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant MTV respectfully submits this reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition" or "Opp."):

1. As demonstrated in MTV's opening Memorandum of Points and Authorities ("Memorandum" or "Mem."), Plaintiff alleges in his Amended Complaint that his invasion of privacy claim arose from a television program aired by MTV no later than August 2003. *See* Mem. at 4-6. As such, Plaintiff's privacy claim is time barred because the Amended Complaint was filed in September 2005 thirteen months *after* the District of Columbia's applicable one-year statute of limitations had expired. *See id*.

2. Plaintiff nevertheless contends that his claim is not time barred by the one-year limitations period set forth in D.C. Code § 12-301(4) because Plaintiff purportedly did not discover MTV's alleged invasion of his privacy until January 2005. *See* Opp. at 2 (asserting that "a statute of limitations cannot commence until the actual alleged invasion of privacy [is] discovered by the victim."). Plaintiff offers no explanation as to why he was unaware that the television program injured him until eighteen months after it aired. *See id*.

3.   In any event, it is not disputed that Plaintiff's invasion of privacy claim arises from a program aired by defendant MTV, a nationwide television network. *See* Amended Complaint ("Compl.") at 2-7. It is black letter law in the District of Columbia (and elsewhere) that the statue of limitations with respect to an alleged tort arising from a media publication commences on the date of its public dissemination and *not* from the date that the would-be plaintiff discovers its existence. *See, e.g.*, *Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 297 (D.C. 2001) ("The principal issue before us is whether the statute of limitations began to run on the date of publication or not until [plaintiff] learned of the article [alleged to be actionable]. We follow the virtually unanimous rule in this country and hold that the statute began to run on publication.") (dismissing as barred by D.C. Code § 12-301(4) claims for defamation, invasion of privacy and intentional infliction of emotional distress predicated on newspaper article where claims were filed three days after one-year limitations period had expired); *Oparaugo v. Watts*, No. 01-CV-437, 2005 D.C. App. LEXIS 501, ** 19-20 (D.C. Oct. 6, 2005) (with respect to claims arising from statements "published by a mass media defendant," the plaintiff's "claim arises on the date the [objectionable] statement was published, and the statute of limitations runs from that date"). Thus, Plaintiff's contention that he did not discover his alleged injury until eighteen months after the television program at issue aired cannot salvage his invasion of privacy claim.[1]

---

[1] Plaintiff's reliance on *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991) and *Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542 (D.D.C. 1981), *aff'd*, 726 F.2d 774 (D.C. Cir. 1984), provide no support for the tolling of the statute of limitations in this case. *See* Opp. at 2. In *Hunter*, the Court of Appeals held that the one-year limitations period of Code § 12-301(4) barred a plaintiff's claim for intentional infliction of emotional distress. *Hunter*, 943 F.2d at 72. *Accord Hanoch Tel-Oren*, 517

4. In addition, as also demonstrated by MTV in its Memorandum, Plaintiff's lawsuit is independently subject to dismissal because he cannot state a cognizable claim for invasion of privacy. *See* Mem. at 6-11. At bottom, Plaintiff does not contest that he seeks $100 million in damages because he purportedly shares certain common characteristics with some other individual referenced in a television program aired by MTV. *See* Compl. 2-7. The Amended Complaint on its face, however, negates any *reasonable* conclusion that the television program at issue – which neither identifies nor visually depicts this Plaintiff – could be "of and concerning" Plaintiff within the meaning of the invasion of privacy tort. *See* Mem. at 6-11 (*citing, e.g.*, *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856 (D.C. 1999); *Bernstein v. NBC*, 129 F. Supp. 817 (D.D.C. 1955), *aff'd*, 232 F.2d 369 (D.C. Cir. 1956)).

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in their opening Memorandum of Points and Authorities, MTV respectfully requests that the Court dismiss the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief could be granted.

Dated: November 11, 2005          Respectfully submitted,

             LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

             By:    /s/  Michael D. Sullivan
               Michael D. Sullivan (D.C. Bar No. 339101)
               Thomas Curley (D.C. Bar No. 473798)
             1050 Seventeenth Street, N.W., Suite 800
             Washington, D.C. 20036
             (202) 508-1100
             *Attorneys for Defendant MTV*

---

F. Supp. at 550-51 (holding that one-year limitations period barred various intentional torts asserted by plaintiff).

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4, I hereby certify that, on this 11th day of November 2005, the foregoing Reply in Support of the Motion to Dismiss the Amended Complaint has been filed via CM/ECF with a true and correct copy of same served upon plaintiff *pro se* via first class mail, postage prepaid to the following address:

>Nathaniel M. Henderson
>3820A Southern Avenue, S.E.
>Washington, D.C. 20020

>  /s/   Thomas Curley
>Thomas Curley