UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
NATHANIEL M. HENDERSON,            )
                                                     )
                    Plaintiff,                    )
                                                     )
          v.                                       )    Civil Action No. 05-1937 (EGS)
                                                     )    Document No.    4
MTV,                                              )
                                                     )
                    Defendant.                 )
_____)

MEMORANDUM OPINION

In this action removed from the Superior Court of the District of Columbia, plaintiff,

proceeding *pro se*, alleges that "[o]n or about August 2nd, 9th, and no later than the 16th in the

year 2003 . . .  the television network known as 'MTV' aired a television show; whereas, the

Host of this show [spoke or referred] to someone in the viewing audience [about MTV

presenting] this individual . . . on the red carpet at an upcoming awards show later that same

month. . . ."  Complaint at 2.  To accept the offer, the individual "simply had [to] walk out of

the front door and down the street, where a limo was waiting to take this person to New York

City. . . ."  *Id*.  The host "gave four clues as to who this person in the viewing Audience

was."  *Id*.  Based on the clues, plaintiff claims to be the person to whom MTV spoke.  *Id*. at

3.  Plaintiff sues MTV for invasion of privacy.  He seeks damages of $100 million for his

"insurmountable mental anguish, stress, depression, anxiety, confusion, and embarrassment."

*Id*. at 3, 7.

Defendant moves to dismiss the complaint on the grounds that the complaint is time

barred and fails to state a claim upon which relief may be granted.  The Court agrees with

2

both assertions. Because the complaint is time barred, however, the Court need not dwell on its merits but finds dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim equally appropriate.[1]

From what may be discerned of the complaint, plaintiff's alleged injuries appear to have arisen out of something akin to "the publication of false statements." *Mittleman v. United States*, 104 F.3d 410, 415 (D.C. Cir. 1997). The claim therefore is governed by the District of Columbia's one-year statute of limitations set forth at D.C. Code § 12-301(4).[2] *Id.*; accord *Grunseth v. Marriott Corp.*, 872 F. Supp. 1069, 1074 (D.D.C. 1995), *aff'd*, 79 F.3d 169 (D.C. Cir. 1996) ("[t]his limitation has been applied to invasion of privacy claims in the District of Columbia on the rationale that invasion of privacy is essentially a type of defamation") (citation omitted). Plaintiff filed his complaint in the Superior Court on September 13, 2005, more than two years after the alleged airing of the program. In his opposition, plaintiff asserts incredulously that the statute of limitations should not apply because "it was not revealed to the Plaintiff until January 2005 that the show that aired in August 2003 was referring to the Plaintiff." Pl.'s Oppos. at 1-2. It is settled, however, that the discovery rule is inapplicable to tort claims arising from the dissemination of information

---

[1]  "[A]n invasion of privacy cause of action [may be based] on any of four theories: 1) intrusion upon one's physical solitude or seclusion; 2) public disclosure of private facts; 3) publicity that places someone in a false light in the public eye; and 4) appropriation of the name or likeness for another's benefit." *Grunseth v. Marriott Corp.*, 872 F. Supp. 1069, 1074 (D.D.C. 1995) (citing *Vassiliades v. Garfinckel's, Brooks Bros.*, 492 A.2d 580, 586 (D.C.1985)). The complaint allegations support none of these theories.

[2]  "Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:  . . . (4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment-1 year." D.C. Code § 12-301(4).

3

by the mass media.  Rather, the District of Columbia Court of Appeals, following "the

virtually unanimous rule in this country," has concluded that the statute of limitations begins

to run under such circumstances from the date of public dissemination.  *Mullin v. Washington

Free Weekly, Inc.*, 785 A.2d 296, 297 (D.C. 2001).  Plaintiff's failure to initiate his lawsuit on

or before August 16, 2004, bars his claim.  Accordingly, the complaint is dismissed.  A

separate Order accompanies this Memorandum Opinion.

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: May 3, 2006